UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GENE MICHAEL DIULIO,

    Defendant.

Case No. 2:93-cr-0259-LDG

<u>ORDER</u>

    The defendant, Gene Michael Diulio, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (ECF Nos. 131, 134). The Court sentenced the defendant as a career offender under the then-mandatory United Sentencing Guidelines §4B1.1. He argues this sentence must be vacated because, pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), he can no longer be classified as a career offender. The United States opposes the motion (ECF No. 138). The Court will deny the motion as premature, pursuant to *United States v. Blackstone*, 903 F.3d 1020, 1022 (9th Cir. 2018), cert. denied, 139 S. Ct. 2762, 204 L. Ed. 2d 1146 (2019).

    As relevant to the instant matter, a motion brought pursuant to §2255 may be timely filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Diulio filed the present motion within one year of the Supreme Court's decision in *Johnson*.

Diulio's motion would be timely if *Johnson* recognized a new right applicable to the mandatory sentencing guidelines. In *Blackstone*, however, the Ninth Circuit held that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *Blackstone*, 903 F.3d at 1028. As in the present matter, *Blackstone* concerned a §2255 motion brought by a defendant sentenced under the mandatory Sentencing Guidelines as a career offender pursuant to §4B1.2. *Blackstone* cannot be distinguished from this matter.

"If the Court extends *Johnson* to a sentence imposed at a time when the Sentencing Guidelines were mandatory, then [the defendant] may be able to bring a timely motion under § 2255. As of now, however, [the defendant's] motion is untimely." *Id.* Accordingly, the Court must dismiss Diulio's motion as premature.[1]

Certificate of Appealability

To appeal this order, Diulio must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] If Diulio's motion was timely, the Court would deny the motion on its merits. Diulio's underlying argument is that his convictions for federal armed bank robbery under 18 U.S.C. §2113(a) and (d) do not qualify as crimes of violence pursuant to the "force clause" found in §4B1.2(a)(1) because bank robbery can be committed by "intimidation." The Ninth Circuit considered this same argument in *United States v. Watson*, 881 F.3d 782, 784 (9th Cir.), cert. denied, 139 S. Ct. 203, 202 L. Ed. 2d 139 (2018). The circuit court rejected the argument, holding that bank robbery is a crime of violence pursuant to the force clause defined at 18 U.S.C. §924(c). Given that the force clause in §4B1.2 is nearly identical in its language and structure to the force clause defined at 18 U.S.C. §924(c), the Court would find that Diulio's federal convictions for armed bank robbery qualify as crimes of violence under the §4B1.2(a)(1) force clause.

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). In the present matter, the Ninth Circuit's decision in *Blackstone* precludes this Court from finding that reasonable jurists could debate whether (or, for that matter, agree that) Diulio's motion was timely filed. Accordingly, the Court will not grant a certificate of appealability.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant Gene Michael Diulio's Motion to Stay (ECF No. 149) is DENIED as moot.

THE COURT FURTHER **ORDERS** that Defendant Gene Michael Diulio's Motion for Leave to File Supplemental Authority (ECF No. 141) is GRANTED.

THE COURT FURTHER **ORDERS** that Defendant Gene Michael Diulio's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (ECF Nos. 131, 134) is DENIED.

THE COURT FURTHER ORDERS that it DENIES Defendant Gene Michael Diulio a certificate of appealability.

THE COURT FURTHER ORDERS that the Clerk of Court is directed to enter a separate civil judgment denying Defendant Gene Michael Diulio's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:16-cv-1532-LDG.

DATED this 31 day of January, 2020.

Lloyd D. George
United States District Judge